IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTMINSTER HOUSE, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRANK JAO, an individual, HAI NGOC DINH, an individual, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | No. C 12-02026 WHA<br><br>Related to:<br><br>No. C 12-02027 WHA<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

## INTRODUCTION

In this loan-guarantee dispute, defendants move to dismiss the action pursuant to FRCP 12(b)(6). For the reasons stated below, the motion is **DENIED**.

## STATEMENT

In February 2006, HSBC Realty Credit Corporation (USA) ("HSBC") entered into separate loan agreements with Asian Garden Limited II and Moran Property Limited Partnership (collectively, the "borrowers"). Under the terms of the loan agreement, HSBC advanced $26,309,000 to Asian Garden and $29,635,000 to Moran in order to finance the construction of a condominium project in Westminister, California. The principal loan advanced by HSBC to the borrowers was evidenced by a written promissory note. Their obligations were secured by a trust deed. In order to induce HSBC to fund the loans, defendants — the guarantors — executed a guarantee. Defendants agreed to unconditionally guarantee the indebtedness of both borrowers

1  to HSBC in an amount not to exceed 30% of the original loan amounts, or upon completion of
2  construction, 15% of the original loan amounts (Exh. 7 at 3).
3      After the loan matured, a series of forbearance agreements was entered into; however, in
4  January 2011, the trustee under the trust deed recorded notice of default.  Foreclosure followed,
5  leaving a large deficiency.  Westminster House, as the purported assignee of HSBC's rights,
6  made demand on the guarantors for full payment of their obligations under the Moran and Asian
7  Garden guarantees for $9,357,600 and $8,208,5000, respectively.  The guarantors refused to
8  make payment and Westminster House filed complaints for breach of guarantee.  Although the
9  Moran and Asian Garden loan transactions resulted in two separate civil actions, the issues
10 raised are identical and the actions have been related under our local rules.
11     In their motion to dismiss, defendant guarantors set forth two arguments.  *First*, they
12 argue that the guarantee was expressly secured by the trust deed on the foreclosed property and
13 therefore  California Code of Civil Procedure Section 580d bars a deficiency judgment against
14 them.  *Second*, they argue that the loan agreement wholly incorporated the guarantee by
15 reference into the note and deed of trust, and, for that reason, Section 580d bars any deficiency
16 against the guarantors.

**ANALYSIS**

On a motion to dismiss, a court may consider materials "submitted with and attached to" the complaint.  *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-999 (9th Cir. 2011).  As exhibits attached to the complaint at issue, the various loan instruments are subject to the principles of contract interpretation.  Under California law, the intention of the parties is to be ascertained from the writing alone, so long as its language is clear and explicit and does not involve an absurdity.  CAL. CIV. CODE §§ 1638, 1639.

    **1.    WHETHER DEFENDANTS' GUARANTEE AS SECURED IS A QUESTION OF FACT.**

Defendants' motion to dismiss relies upon the premise that their guarantee was secured by the trust deed encumbering the borrower's property.  On this record, such a determination cannot be made as a matter of law, based exclusively on the pleadings, even considering the appended exhibits.  A more complete record is needed.

2

Collateral can only secure a guarantee (or any other obligation) if the grantor of the collateral so authorizes. In order to trace rights into supposed collateral, we must look at the documents signed by the owners of the collateral and any such documents or definitions incorporated therein.

Based on cross-referenced and incorporated terms within the trust deed, defendants argue that the guarantee was secured by the trust deed. For example, defendants point to the trust deed's second recital: "WHEREAS, Trustor desires to secure the payment of the Debt . . . ." (Exh. 3 at 1). The term "Debt," however, was undefined by the trust deed. According to Section 14.1 of the trust deed, "[a]ll capitalized terms not defined herein shall have the respective meanings set forth in the [] Loan Agreement." Because the loan agreement's definition of "Debt" explicitly included "Loan Document" (Exh. 1 at 10), which, in turn explicitly included "Guaranty" (*ibid*.), the guarantee was arguably to be considered part of the debt. As part of the debt, the guarantee was secured by the trust deed, or so the argument goes.

In contrast, plaintiff argues that in viewing the trust deed as a whole, defendants' interpretation is wrong. For example, plaintiff highlights the trust deed's first recital which stated that its purpose was "to secure a construction loan (the "Loan") . . . between the Trustor and Beneficiary . . ." (Exh. 3 at 1). Here, the term "Loan," which was clarified as the principal sum of the construction loan, was used as opposed to the term "Debt" (*ibid*.) Additionally, as guarantors, defendants were not among those defined as "Trustor" within the trust deed, which defined the term as "each Trustor and any subsequent owner or owners of the Property or any part thereof or any interest therein" (*id*. at 25). Notably absent from the trust deed was any indication that any party other than the "Trustor" conveyed property to secure the debt.

This order recognizes that the usual purpose of a guarantee is to stand as independent of any collateral. This usual concept favors plaintiff. Still, based on the actual instruments in question and their interlocking definitions, there is an argument to be made that the guarantee was secured after all. This would favor defendants. On the instant Rule 12 record, it cannot be said that one view or the other is wrong as a matter of law. With respect to the line of argument based upon the note, the same response applies, namely that the custom and practice of a

guarantee being independent of collateral prevents a ruling for defendants on this record. Accordingly, discovery is to proceed and the general issue will be decided at trial or on summary judgment.

    **2. THE APPLICABILITY OF CALIFORNIA'S ANTI-DEFICIENCY STATUTE REMAINS UNDECIDED.**

Because it cannot be determined as a matter of law that defendants' guarantee was secured, whether or not they are entitled to protection under the relevant California anti-deficiency statute — Section 580d — remains unanswered. Assuming *arguendo* that the guarantee is found to have been unsecured, plaintiff's complaint is not defective for failing to plead the fair market value of the property in accordance with California Code of Civil Procedure Section 580a.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4