IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WESTMINSTER HOUSE, LLC,
a Delaware limited liability company,

    Plaintiff,

  v.

HAI NGOC DINH,

    Defendant.
                                      /

No. C 12-02026 WHA

**COURT'S PROPOSED CHARGE TO THE JURY**

**[AND SPECIAL VERDICT FORM]**

Appended hereto are copies of the draft charge to the jury and special verdict form given to both sides on **DECEMBER 17, 2013**, for discussion with the Court at the charging conference on **DECEMBER 18, 2013** at **7:30 AM**. Although counsel have filed numerous waves of overlapping and even contradictory proposed instructions in the past, the proposed charge is based on the way the trial has actually developed, taking into account issues that have emerged and receded and concessions by counsel. Subject to the upcoming charging conference, the Court believes the proposed charge adequately and fairly covers all issues actually still in play. Therefore, in order to give the district judge a fair opportunity to correct any error as matters now stand, counsel must, at the charging conference, bring to the judge's attention any addition, subtraction or modification or other objections or proposal for the jury instructions. Otherwise, all such points shall be deemed waived and it will not be sufficient merely to argue after the verdict that a proposed instruction filed earlier in the proceedings somehow was not adopted.

Rather, any such proposal that counsel still cares about must be raised anew at the charging conference. The charging conference shall be conducted so as to give full and fair opportunity for counsel to raise any and all objections and proposals.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WESTMINSTER HOUSE,
a Delaware limited liability company,

      Plaintiff,

  v.

HAI NGOC DINH,

      Defendant.

No. C 12-02026 WHA

**[DRAFT]**
**FINAL CHARGE TO THE JURY**
**AND SPECIAL VERDICT FORM**

1.

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;
2. The exhibits which have been received into evidence;
3. The sworn testimony of witnesses in depositions, read into evidence; and
4. Any facts to which the lawyers have stipulated. You must treat any stipulated facts as having been conclusively proved.

3.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose,

4

1  may explain the presence of water on the sidewalk.  Therefore, before you decide that a fact has
2  been proved by circumstantial evidence, you must consider all the evidence in the light of
3  reason, experience and common sense.  You should consider both kinds of evidence.  The law
4  makes no distinction between the weight to be given to either direct or circumstantial evidence.
5  It is for you to decide how much weight to give to any evidence.  You should base your decision
6  on all of the evidence regardless of which party presented it.

                                            4.

In reaching your verdict, you may consider only the types of evidence I have described.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

    1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer.  A question by itself is not evidence.  Consider it only to the extent it is adopted by the answer.

    3. Objections by lawyers are not evidence.  Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence.  You should not be influenced by any question, objection or the Court's ruling on it.

  4. Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

  5. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### 5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it or none of it. In considering the testimony of any witness, you may take into account:

  1. The opportunity and ability of the witness to see or hear or know the things testified to;

  2. The witness' memory;

  3. The witness' manner while testifying;

  4. The witness' interest in the outcome of the case and any bias or prejudice;

  5. Whether other evidence contradicted the witness' testimony;

  6. The reasonableness of the witness' testimony in light of all the evidence; and

  7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

6.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence.

7.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

8.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall and innocent misrecollection are common. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

7

9.

In determining what inferences to draw from evidence you may consider, among other things, a party's failure to explain or deny such evidence.

10.

In these instructions, I will often refer to a party's "burden of proof." Let me explain what that means. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

11.

I will now turn to the facts and law that apply to this case. In 2006, HSBC Realty Credit Corporation (USA) ("HSBC") lent money to Moran Property Limited Partnership ("Moran L.P."). Defendant Hai Ngoc Dinh signed a written guarantee limited to thirty percent of any amount ultimately loaned and unrepaid. It is undisputed that the original loan in this matter has defaulted, and that as a result, plaintiff has made a demand on defendant for $9,357,600.

The guarantee contract is Trial Exhibit 12, with later modifications in Trial Exhibit 13. Under Paragraph 2.02 of Trial Exhibit 12, the obligation of the guarantors was limited, in the aggregate, to thirty percent of the original loan amount. Taking into account the later modification, this means that the total owed by both guarantors could not, in the aggregate, exceed $9,357,600.

12.

You have heard that Frank Jao also signed the guarantee. You must not speculate about the extent to which Mr. Jao has or will make good on the guarantee. You must decide the issue solely as to defendant Dinh, ignoring completely any amounts that Mr. Jao has or will pay on the

8

guarantee. After your verdict, if it is against defendant Dinh, the Court will, to the extent required by law, adjust the verdict to reflect Mr. Jao's actual and potential payments.

13.

You have seen a declaration in support of an earlier motion for summary judgment. Please do not speculate as to the outcome of this motion. That is irrelevant. You must not infer anything from the outcome of that motion.

14.

You have also heard evidence about guarantees. Under California law, a guarantee is a type of contract under which a person promises to answer for the debt of another. The person making that promise is called the guarantor. The other person who has the debt is the borrower.

15.

I instruct you that plaintiff Westminster House, LLC is entitled to recover against defendant Dinh on the written guarantee *unless* defendant Dinh proves by a preponderance of the evidence that he was entitled to the protection of California's anti-deficiency law.

The essence of California's anti-deficiency law is that it provides a defense for a borrower, under Section 580d of California Code of Civil Procedure, such that the lender cannot pursue a borrower for any deficiency still remaining after the lender forecloses on and sells the real property.

A guarantor, however, may waive any benefit of this anti-deficiency statute *if* the guarantee itself is not secured by the deed of trust. In this case, the Court has already determined that the written guarantee was not protected by the anti-deficiency law, subject only to the sham-guarantee defense.

16.

To establish that he was entitled to the protection of California's anti-deficiency statute, defendant Dinh must prove by a preponderance of the evidence that the guarantee was a sham at the time of the original loan transaction, meaning that defendant was a true borrower on the note but was disguised as a guarantor to circumvent the protection of the anti-deficiency statute.

17.

To prove that his guarantee was a sham, defendant Dinh bears the burden of proving the following two elements by a preponderance of the evidence:

1. The true economic substance of the original loan transaction was that defendant Dinh was a borrower, not a guarantor; and

2. HSBC intentionally structured the original loan transaction to disguise defendant Dinh as a guarantor so as to circumvent the protection of California's anti-deficiency statute for defendant.

18.

If you find that defendant has proven that he was entitled to the protection of the anti-deficiency law, you must then decide whether defendant subsequently waived that protection through a later forbearance agreement, made *after* the original loan transaction. Although the law prohibits any waiver of the protection of California's anti-deficiency statute by a *secured* obligor at the time of the original loan, a *subsequent* waiver of the anti-deficiency statute is valid so long as the waiver is supported by separate and new consideration and is specific as to waiver of the anti-deficiency statute.

19.

Accordingly, to show that defendant subsequently waived the protection of California's anti-deficiency statute, plaintiff bears the burden of proving the following elements by a preponderance of the evidence:

1. A forbearance agreement followed the original loan transaction;

2. The forbearance agreement intended to specifically waive California's anti-deficiency law, including the Section 580d protection; and

   3. This waiver was supported by separate and new consideration.

20.

I will now explain more fully what "separate and new consideration" means. Generally, consideration refers to money or to something of value, such as a promise, that the parties agree to give to each other in entering into a contract. In this case, separate and new consideration refers to something of value that HSBC agreed to give to defendant in order for defendant to waive his anti-deficiency protection through a forbearance agreement. A promise or act may constitute consideration for more than one counter promise or act.

21.

Forbearing to do an act that a lender had no right to do anyway cannot constitute new and separate and new consideration for a subsequent waiver by a guarantor. On the other hand, an agreement to forego a higher interest rate that was otherwise due or to reduce release prices not otherwise required would constitute separate and new consideration by the lender. The separate and new consideration by the lender need not run directly to the guarantor, but may run directly to the borrower so long as the guarantor is at least indirectly benefitted.

22.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

23.

When a plaintiff sues on a contract, the plaintiff has a duty to mitigate damages. HSBC therefore had a duty to mitigate its loss before the private sale occurred. However, once that sale occurred, the extent of the loss on the loan was fixed and the bank had no further duty to mitigate. Events thereafter are now relevant only to shed possible light on possible opportunities to mitigate prior to the sale. The burden of proving a failure to mitigate by a preponderance of the evidence is on defendant.

24.

If you find that defendant has proven its sham-guarantee defense *and* further find that plaintiff has proven a valid subsequent waiver of the protection of California's anti-deficiency law, then your verdict should be for defendant and against plaintiff since, in that event, defendant would be deemed the borrower and still entitled to the protection of California's anti-deficiency law.

If you find that defendant has not proven its sham-guarantee defense, or that, even if he has, plaintiff has proven a valid subsequent waiver, then I instruct you that the amount due from defendant under the guarantee must be $9,357,600. If, however, you find that defendant has proven its mitigation defense, then the verdict should be reduced according to proof at trial.

25.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.

26.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations.

The Clerk will also provide you with an index to them, as the lawyers have been able to jointly prepare the index.

27.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1. All of the exhibits received into evidence;
2. An index of the exhibits;
3. A work copy of these jury instructions for each of you;
4. A work copy of the verdict form for each of you; and
5. An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

28.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

29.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable

lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

30.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

31.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date and sign the verdict form and advise the Court that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated: **DRAFT DATED DECEMBER 17, 2013.**

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WESTMINSTER HOUSE, LLC,
a Delaware limited liability company,

      Plaintiff,

  v.

HAI NGOC DINH,

      Defendant.

No. C 12-02026 WHA

**[DRAFT]**

**SPECIAL VERDICT FORM**

It is undisputed that the original loan in this matter has defaulted, and that as a result, plaintiff has made a demand on defendant for $9,357,600. It is also undisputed that defendant has not paid any part of that amount. Please answer the questions below as indicated. Your answers to the following questions must be unanimous.

**QUESTION NO. 1**

Has defendant proven by a preponderance of the evidence that his guarantee was a sham at the time of the original loan transaction, such that defendant was the true obligor disguised as a guarantor to circumvent the protection of California's anti-deficiency statute?

**YES**　　　　　　　　　　**NO**

_____　　　　　　_____

If you answer yes, please go to Question No. 2. If you answer no, please go to Question No. 3.

**QUESTION NO. 2**

Has plaintiff proven by a preponderance of the evidence that a forbearance agreement or any other agreement — which *followed* the original loan transaction — provided separate and new consideration to waive any protection of California's anti-deficiency statute?

**YES**　　　　　　　　　　**NO**

_____　　　　　　_____

If you have answered yes to Question No. 1 *and* answered no to Question No. 2, then your verdict is for defendant, so do not answer Question No. 3. Otherwise, your verdict is for plaintiff and please answer Question No. 3.

2

**QUESTION NO. 3**

What amount, if any, has plaintiff proven by a preponderance of the evidence is due by defendant to plaintiff under the guarantee? If you reach this question, the answer should be $9,357,600 minus any amount by which defendant has proven a failure to mitigate.

$ _____

**CONCLUSION**

Please have the foreperson sign and date this form. Then contact the deputy or marshal to inform him or her that you have completed your deliberations.

Dated: December ____, 2013.

_____
FOREPERSON

3